**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

CIVIL ACTION NO. 11-41-JBC

ANGELA WILLIAMS,                                      PLAINTIFF

V.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on Angela Williams's motion for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  R. 18.  She seeks an award of $1,325.00 for legal fees based upon 11.5 hours of work billed at $125.00 an hour.  She also seeks $16.62 in costs for a total claim of $1341.62.  The defendant opposes the motion.  R. 20.  Because the motion was not timely filed, the motion will be denied.

Williams filed suit challenging the Social Security Administration's ("SSA") denial of her claim for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") on January 28, 2011.  R. 1.  On February 9, 2012, the Honorable G. Wix Unthank reversed the denial decision and remanded the action to the Commissioner for further consideration under sentence four of 42 U.S.C. § 405(g).  R. 15.

1

The defendant concedes that Williams would qualify as the prevailing party, that the Commissioner's position was not substantially justified, and that the fee requested is reasonable, all factors the plaintiff is required to prove for an award of fees under the EAJA statute. See 28 U.S.C. § 2412(d). However, the statute also requires that the prevailing party file the motion for attorney fees "within thirty days of the final judgment in the action." U.S.C. 28 U.S.C. § 2412(d)(1(B). A "final judgment" is defined in the statute as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2(G). Under the Federal Rules of Appellate Procedure, a judgment is final and non-appealable after 60 days. See Fed. R. App. P. 4(a)(1)(B). This would make approximately April 9, 2012, the last day an appeal could have been taken from the February 9, 2012, denial decision. The thirty-day period for filing the motion then began running and ended on or about May 9, 2012. Williams did not file her EAJA fee motion until September 10, 2012, over four months later. R. 18. Thus, his EAJA fee motion was untimely filed.

Although equitable tolling may apply to untimely filed EAJA fee motions, *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005), Williams has not presented any arguments concerning this issue. Therefore, the court must deny her EAJA fee claim as untimely filed.

Accordingly,

**IT IS ORDERED** that the plaintiff's application for EAJA fees is

**DENIED**.

Signed on January 4, 2013

Jennifer B. Coffman
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY